### Ezra Wilmarth *vs.* Wendell Bancroft.

If a building which stands upon mortgaged land is partly destroyed by fire, the mortgagor has no right, without the mortgagee's consent, to sell such parts of the building as are saved; and if the same have been sold by a third person to whom he has delivered the same for that purpose, he cannot maintain an action against such third person to recover the sum received as the price thereof, if meanwhile the mortgagee has entered upon the premises for breach of condition, and has forbidden the payment to the mortgagor, and the value of the land is less than the amount of the debt secured by the mortgage.

Gray, J. This action is brought to recover the amount received by the defendant from the sale of doors, blinds and other articles, which had been attached to and made part of a house and other buildings, and were saved from destruction when the buildings were destroyed by fire. The plaintiff, who was the owner of the right in equity of redeeming the premises from a previous mortgage, delivered these articles after the fire to the defendant to be sold, and they were sold by him. The mortgagee afterwards entered upon the land for breach of condition

notified the defendant of her right to the premises and to these articles, forbade his paying to the plaintiff the money received for them, and has since remained in possession of the land. The value of the land was less than the amount of the debt secured by the mortgage.

The articles in question having been annexed to and made part of the real estate mortgaged, the mortgagee had the same title in them as in the rest of the mortgaged estate, and, even before entering into possession, could have maintained an action against the mortgagor if he had severed and removed them. *Cole* v. *Stewart*, 11 Cush. 181. The mortgagee never assented to their severance or conversion into personalty. The fire did not affect her title in them. When fixtures annexed to a mortgaged estate are severed without the mortgagee's consent, it makes no difference as against the mortgagee whether it is by act of the mortgagor, or of a third person, or by accident. *Bowles's case*, 11 Co. 81 *b ; S. C. nom. Bowles* v. *Berrie*, 1 Rol. R. 181. *Rogers* v. *Gilinger*, 30 Penn. State R. 188. The fact that the old buildings were destroyed, so that the fixtures could not be again used in connection with them, did not terminate or affect the mortgagee's interest in the fixtures. *Goddard* v. *Bolster*, 6 Greenl. 427. *Rogers* v. *Gilinger*, above cited. If the mortgagor had rebuilt the house, he might doubtless have re-affixed them to it. If he had affixed them to a new house upon other land belonging to a third person, and so made them part of that land, the mortgagee might not have been able to recover the specific articles, or maintain an action against that person for their value, and might have been left to his remedy against the mortgagor. *Peirce* v. *Goddard*, 22 Pick. 559. *Fryatt* v. *Sullivan Co.* 5 Hill, 116 ; *S. C* 7 Hill, 529.

But in the case before us the articles in question had never been annexed to other land, and remained in construction of .aw a part of the mortgaged estate. Having been delivered by the mortgagor to the defendant without the mortgagee's consent, and the mortgagee having given the defendant notice of her title, he was justified in not paying to the mortgagor the proceeds of property which belonged to the mortgagee. The jury

having been instructed otherwise, the defendant is entitled **to a** new trial. *Exceptions sustained.*

 *C. P. Judd*, for the defendant.

 *N. B. Bryant*, for the plaintiff.